IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-452-FL

| | | |
|---|---|---|
| KENNETH R. PARSONS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| NORTH CAROLINA DEPARTMENT OF REVENUE, STATE OF NORTH CAROLINA, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's emergency motion for temporary restraining order ("TRO") and preliminary injunction (DE 30). Plaintiff asks the court to enjoin defendants

> from having unilateral authority to withdraw, confiscate or debit, whether electronic or tangible; funds, credits, coin or currency from any bank or institutional account which maintains or houses funds credits, coin or currency owned or operated by Plaintiff without a legal determination by Judge or jury of a Court of law as to the constitutionality of an alleged 2012 tax liability allegedly owed to Defendants.

(See Motion (DE 30) at 1).

The Tax Injunction Act ("TIA") states "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "Like its federal counterpart, the Anti–Injunction Act, the TIA ensures that states are able to 'assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference.'" Gwozdz v. HealthPort Techs., LLC, 846 F.3d 738, 742 (4th Cir. 2017) (citing Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (1974)). "Thus the Federal courts, as a general rule, are not to interfere with the

States' mechanisms for resolving tax controversies. The only exception contemplated by Congress relates to State remedies which are not plain, speedy, or efficient." Strescon Indus., Inc. v. Cohen, 664 F.2d 929, 931 (4th Cir. 1981).

Plaintiff proposes that this court enter a TRO and preliminary injunction enjoining the collection of taxes by defendants, because he asserts that the tax liability is invalid. (See Motion (DE 30) at 1-2). Moreover, North Carolina provides a plain, speedy, and efficient remedy for challenging the validity of a proposed assessment of a tax or denial of a refund through prescribed administrative procedures and judicial review. See N.C. Gen. Stat. §§ 105-241.11 – 105-241.17; Stescon Indus., 664 F.2d at 932. Therefore, plaintiff's request falls squarely within the jurisdiction stripping provisions of the TIA, requiring the court to deny plaintiff's motion for TRO and preliminary injunction for lack of jurisdiction.

Based on the foregoing, plaintiff's emergency motion for TRO and preliminary injunction (DE 30) is DENIED.

SO ORDERED, this the 7th day of March, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge