IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-452-FL

| | | |
|---|---|---|
| KENNETH R. PARSONS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH CAROLINA DEPARTMENT OF REVENUE, STATE OF NORTH CAROLINA, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6) (DE 27). Also pending before the court are plaintiff's motion for reconsideration of the court's order denying preliminary injunctive relief (DE 35), defendants' motion to strike plaintiff's amended complaint or in the alternative second motion to dismiss pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) (DE 39), and plaintiff's motion for extension of time to respond to defendants' motion to strike and second motion to dismiss (DE 42). The court construes plaintiff's filing of his first amended complaint (DE 37) as a motion for leave to amend pursuant to Rule 15(a)(2). The issues raised have been fully briefed, and in this posture are ripe for disposition.

For the reasons that follow, plaintiff's motion to amend is granted, and defendants' first motion to dismiss and motion to strike are denied as moot. Defendants' second motion to dismiss

is granted for lack of subject matter jurisdiction, and plaintiff's motion for reconsideration is denied as moot. Plaintiff's motion for extension of time to respond to the motion to strike is denied as moot, and his motion for extension of time to respond to defendants' second motion to dismiss is denied.

## STATEMENT OF THE CASE

Plaintiff, proceeding pro se, commenced this action in the United States District Court for the Northern District of Texas on June 11, 2018, alleging that defendants unlawfully levied taxes against him in violation of his federal constitutional rights because he is a "nontaxpayer." Plaintiff's case was transferred to this district on September 12, 2018. On frivolity review, the court dismissed plaintiff's claims against defendant Bank of America, but allowed plaintiff's remaining claims to proceed. Following plaintiff's efforts to serve defendants, defendants filed their first motion to dismiss on March 4, 2019. Defendants contend that plaintiff is barred from pursuing his case in federal district court, that service was never perfected, and that plaintiff fails to allege facts sufficient to state a claim.

Shortly after defendants filed their first motion to dismiss, the court denied motion from plaintiff seeking preliminary injunctive relief preventing defendants from collecting money from him. The court reasoned that the Tax Injunction Act deprived the court of jurisdiction to provide injunctive relief, in light of the plain, speedy, and efficient remedy under North Carolina law for challenging tax assessments. Plaintiff moved for reconsideration on March 28, 2019, arguing that the law only protects taxpayers, and he is not a taxpayer able to take advantage of the administrative remedies provided under state law.

On April 8, 2019, plaintiff filed his first amended complaint. Defendants moved to strike the first amended complaint approximately one week later, arguing that the allegations contained

2

therein are substantively the same, and that plaintiff seeks to delay adjudication of their motion to dismiss. In the alternative, defendants move to dismiss plaintiff's first amended complaint on the same grounds as his original complaint, incorporating their prior arguments by reference.

## STATEMENT OF FACTS

The facts in the complaint[1] may be summarized as follows. On or about February 17, 2017, defendant North Carolina Department of Revenue ("NCDOR") garnished plaintiff's bank account for an alleged tax debt for tax year 2010 in excess of $2,800.00. (Compl. ¶ 7). Plaintiff challenged this alleged tax debt, requested a hearing, and mailed a cease and desist order to defendant NCDOR on June 27, 2017. (Id. ¶ 8). Plaintiff argued to defendant NCDOR that it "lacked legal standing" and "lacked jurisdiction" over plaintiff. (Cease and Desist Letter (DE 37-1) at 1-2). Plaintiff received no response. (Compl. ¶ 8). On or about December 6, 2017, defendant NCDOR again garnished plaintiff's checking account in the amount of $1,260.60 for the same alleged 2010 tax debt. (Id. ¶ 10). Plaintiff mailed another notice to demand proof of his tax liability. (Id. ¶ 11). On or about January 25, 2018, plaintiff received another notice for an alleged tax debt for 2012 amounting to over $4,700.00. (Id. ¶ 12). Plaintiff mailed another formal challenge to defendant NCDOR on or about February 1, 2018, demanding that they stop collection activity. (Id.). On or about June 1, 2018, plaintiff mailed defendants notice of intent to file a lawsuit. (Id. ¶ 14).

## COURT'S DISCUSSION

A.   Plaintiff's Motion to Amend (DE 37)

Plaintiff filed his first amended complaint. Where plaintiff proceeds pro se, the court construes the filing as a motion to amend his complaint. When a party seeks leave to amend after

---

[1] Hereinafter, all references to the "complaint" in the text and to "Compl." in citations are to plaintiff's first amended complaint filed April 8, 2019, (DE 37), unless otherwise specified.

3

a responsive pleading or Rule 12(b) motion has been filed, the party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff's first amended complaint does not change his factual allegations, but it does raise new legal arguments relevant to the other motions pending in the case. Defendants argue that the allegations of the complaint are not substantively different, that they would be prejudiced because amending the pleading would terminate their first motion to dismiss, and that the allegations are futile. Defendants have already raised a second motion to dismiss plaintiff's complaint on similar grounds as plaintiff's original complaint, therefore they are not prejudiced by granting plaintiff leave to amend. The court grants plaintiff's motion to amend, and denies as moot defendants' motion to strike and plaintiff's motion for extension of time to respond to defendants' motion to strike.

As a general rule, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) (internal quotations omitted); see also 6 Charles Alan Wright, et al., Fed. Prac. & Proc. § 1476 (3d ed. 1998) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case"). Where an amended complaint has been filed with leave of court, motions to dismiss earlier complaints are denied as moot. Plaintiff's original complaint is now "of no legal effect." Young, 238 F.3d at 573.

Defendant's first motion to dismiss is denied as moot.

B.   Plaintiff's Motion for Extension of Time (DE 42)

Plaintiff moves for extension of time to respond to defendants' second motion to dismiss. Plaintiff seeks 14 days to file response in opposition to the motion and to file an appropriate motion to amend. Defendants object, arguing that plaintiff's motion is dilatory.

The court finds plaintiff does not have good cause for an extension of time. Plaintiff has fully briefed his argument that jurisdiction in this case is appropriate. Since defendants merely renew the arguments raised in their first motion to dismiss, plaintiff already responded to the substance of defendants' arguments regarding jurisdiction. Plaintiff also addresses the underlying jurisdictional issue in his motion for reconsideration of the court's decision to deny preliminary injunctive relief. Therefore, granting an extension of time serves no purpose but to unnecessarily delay adjudication of defendants' second motion to dismiss. Plaintiff also does not show why he was unable to timely submit response in opposition to defendants' motion to strike and motion to dismiss.

For the reasons noted above, plaintiff lacks good cause. Plaintiff's motion for extension of time to respond to defendants' second motion to dismiss is denied.

C.   Defendants' Second Motion to Dismiss (DE 39)

   1.   Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the

complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

2. Analysis

Plaintiff seeks declaratory and injunctive relief prohibiting defendants from levying his property for allegedly false tax claims. (Compl. at 22-23). Plaintiff also seeks compensatory damages. (Compl. at 23).

The Tax Injunction Act ("TIA") states "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "Like its federal counterpart, the Anti–Injunction Act, the TIA ensures that states are able to 'assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference.'" Gwozdz v. HealthPort Techs., LLC, 846 F.3d 738, 742 (4th Cir. 2017) (citing Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (1974)). "Thus the Federal courts, as a general rule, are not to interfere with the States' mechanisms for resolving tax controversies. The only exception contemplated by Congress relates to State remedies which are not plain, speedy, or efficient." Strescon Indus., Inc. v. Cohen, 664 F.2d 929, 931 (4th Cir. 1981).

Moreover, "the comity doctrine applicable in state taxation cases restrains federal courts from entertaining claims for relief that risk disrupting state tax administration." Levin v. Commerce

Energy, Inc., 560 U.S. 413, 417 (2010). Based on principles of federalism and comity, district courts refrain from exercising jurisdiction over suits posing either an equitable or legal challenge to state or local taxes if a plain, adequate, and complete remedy is available under state law. Nat'l Private Truck Council, Inc. v. Oklahoma Tax Comm'n, 515 U.S. 582, 589 (1995); Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 116 (1981); Lawyer v. Hilton Head Pub. Serv. Dist. No. 1, 220 F.3d 298, 302 (4th Cir. 2000).

State remedies are both "plain, adequate, and complete" and "plain, speedy and efficient" if they meet "certain minimal procedural criteria." Rosewell v. LaSalle Nat. Bank, 450 U.S. 503, 512 (1981); Lawyer, 220 F.3d at 304; Folio v. City of Clarksburg, 134 F.3d 1211, 1214 (4th Cir.1998). "The essential question is whether the state remedy provides the taxpayer with a 'full hearing and judicial determination' at which she may raise any and all constitutional objections to the tax." Lawyer, 220 F.3d at 304 (internal citations omitted). "Stated differently, the taxpayer is entitled to a meaningful opportunity to assert federal constitutional challenges to the tax in state court." Id. (internal citations omitted). "[A]n asserted substantive defect in the State remedy, even if found to exist, is an insufficient basis upon which Federal jurisdiction may be grounded." Strescon Indus., 664 F.2d at 931. "Likewise, the mere fact that a taxpayer may have to cross a State line to seek redress does not render the State procedures inadequate." Id. (internal citation omitted).

Here, plaintiff challenges an "alleged tax debt" and subsequent levies by defendant NCDOR to satisfy that debt. (Compl. ¶¶ 7-13). Plaintiff claims throughout his complaint that defendants violated his federal constitutional rights. (See, e.g., Compl. ¶¶ 1, 5, 7, 10, 14, 16). Having determined that plaintiff's lawsuit is predicated on challenging the constitutionality of a state tax imposed by defendants, the only question that remains is whether state law provides sufficient remedy to bar the court from exercising jurisdiction over the suit.

"A taxpayer who objects to . . . a proposed assessment of tax may request a Departmental review of the proposed action by filing a request for review." N.C. Gen. Stat. § 105-241.11(a). "If a taxpayer files a timely request for a Departmental review of . . . a proposed assessment, the Department must conduct a review of the . . . proposed assessment." Id. § 105-241.13(a). If after administrative investigation "the Department and the taxpayer are unable to resolve the taxpayer's objection to the proposed assessment, the Department must send the taxpayer a notice of final determination concerning the assessment." Id. § 105-241.14(b). The notice must include several pieces of information, including that "procedure the taxpayer must follow to contest the final determination." Id. § 105-241.14(b). A taxpayer may contest defendant NCDOR's final determination "by filing a petition for a contested case hearing at the Office of Administrative Hearings." Id. § 105-241.15(a). "A party aggrieved by the final decision in a contested case commenced at the Office of Administrative Hearings may seek judicial review of the decision." Id. § 105-241.16. Additionally, "[a] taxpayer who claims that a tax statute is unconstitutional may bring a civil action in the Superior Court of Wake County the taxpayer's liability under that statute." Id. § 105-241.17. Finally, a taxpayer may appeal all the way to the North Carolina Supreme Court. See id. § 150B-52. In sum, state law provides for a full hearing and judicial determination of plaintiff's constitutional objections. DIRECTV, Inc. v. Tolson, 513 F.3d 119, 128 (4th Cir. 2008) (concluding North Carolina provides a "plain, adequate, and complete" remedy for challenging taxes).

Plaintiff argues that he has no remedy at state law because he is a "nontaxpayer," and the statutes by their terms only apply to "taxpayers." (Compl. at 17-19). Plaintiff's argument that he is a "nontaxpayer" for purposes of the remedies available to him is in error. A "taxpayer" is defined as "a person subject to the tax or reporting requirements of Subchapter I . . . of this Chapter . . . ." N.C. Gen. Stat. § 105-228.90(b)(8). Subchapter I of the North Carolina tax code imposes individual

income tax. See id. § 105-153.1 et seq.. Finally, "[t]he Secretary may propose an assessment against a taxpayer for tax due from the taxpayer . . . . A proposed assessment of the Secretary is presumed to be correct." Id. § 105-241.9(a). Plaintiff was prospectively subject to individual income taxes due to the proposed assessment by defendant NCDOR. (See Powell Aff. (DE 28-1) ¶¶ 5-6, 10, Ex. A, Ex. B, Ex. I). Plaintiff could therefore avail himself of the state administrative and judicial remedies for contesting a proposed assessment, which is presumed by law to correctly identify him has a taxpayer.

Plaintiff's claims are barred by the TIA and comity doctrine. The court grants defendants' motion to dismiss for lack of subject matter jurisdiction.[2] Plaintiff's motion for reconsideration is denied as moot.

## CONCLUSION

Based on the foregoing, defendants' first motion to dismiss (DE 27) is DENIED AS MOOT. Plaintiff's motion for reconsideration (DE 35) is DENIED AS MOOT. Plaintiff's motion to amend (DE 37) is GRANTED, and defendants' motion to strike (DE 39) is DENIED AS MOOT. Defendant's second motion to dismiss for lack of subject matter jurisdiction (DE 39) is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. Plaintiff's motion for extension of time to respond to defendants' motion to strike (DE 42) is DENIED AS MOOT, and plaintiff's motion for extension of time to respond to defendants' second motion to dismiss (DE 42) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 20th day of May, 2019.



LOUISE W. FLANAGAN
United States District Judge

---

[2] The court does not reach defendants' remaining arguments for dismissal.